# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOHNNY TREMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 05 C 2625 |
| | ) |
| TOWN & COUNTRY CREDIT | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Johnny Tremble has sued Town & Country Credit Corporation (T&C) for violating the Fair Credit Reporting Act (FCRA).[1]  Tremble claims that T&C willfully failed to comply with the FCRA by obtaining his credit report for impermissible purposes in violation of 15 U.S.C. §1681b and by sending him an offer of credit without "clear and conspicuous" disclosures in violation of 15 U.S.C. § 1681m(d).  T&C has moved for partial judgment on the pleadings, claiming there is no private right of action for violations of 15 U.S.C. § 1681m.  T&C has also moved for summary judgment claiming that even if it violated the FCRA, Tremble has suffered no actual harm and thus is not entitled to sue.  For the reasons outlined below, the Court grants T&C's motion for partial judgment on the pleadings on the § 1681m claim but denies T&C's motion for summary judgment with regard to the § 1681b claim.

---

[1] On September 12, 2005, Tremble filed a motion for class certification, but the Court vacated the briefing schedule on that motion pending decisions on the motions decided herein.

**Discussion**

**1.  T&C's motion for partial judgment on the pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the complaint and the answer have been filed.  The court must view the facts in the light most favorable to the non-moving party and cannot grant the motion "unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Gustafson v. Jones*, 117 F.3d 1015, 1017 (7th Cir. 1997) (citations omitted).

T&C seeks judgment on the pleadings in its favor on Tremble's claim for violation of § 1681m, citing a recently-adopted statutory enactment that it contends eliminated private causes of action for violation of that section.  T&C argues that in 2003, Congress eliminated private rights of action for violation of § 1681m in the Fair and Accurate Credit Transaction Act (FACTA).  Section 311 of FACTA amended § 1681m by adding a subsection, § 1681m(h). Section 1681m(h) provides, in substance, that if a person extending credit uses a credit report in connection with an application for or a grant of credit on terms that are materially less favorable than those given to most consumers, it must (with some exceptions) provide certain disclosures to the consumer.  The minimal history that exists regarding § 311(a) indicates that it was aimed at "risk-based credit underwriting."  149 Cong. Rec. E2512 (daily ed. Dec. 8, 2003) (statement of Rep. Oxley).

The part of FACTA § 311(a) upon which T&C relies is the final provision, which states:

(8) Enforcement
> (A) No civil actions.  Sections 616 and 617 of this title shall not apply to any failure by any person to comply with this section.

> (B) Administrative enforcement.  This section shall be enforced exclusively under section 621 of this title by the Federal agencies and officials identified in that

section.

This newly adopted subsection, as it appears in the United States Code, converts FACTA's

references to "sections 616 and 617" to their statutory references, sections 1681n and 1681o, and

reads as follows:

> (8) Enforcement
>
>> (A) No civil actions.  Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>>
>> (B) Administrative enforcement.  This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

15 U.S.C. § 1681m(h)(8).  Sections 1681n and 1681o are FCRA's primary enforcement

provisions; they create private rights of action for willful (§ 1681n) and negligent (§ 1681o)

violations of the **FCRA.**

T&C contends that by stating that sections 1681n and 1681o "shall not apply to any

failure ... to comply with *this section,*" section 1681m(h)(8) effectively eliminated private rights

of action for any violation of section 1681m.  Tremble argues that Congress intended to bar

private actions only with regard to § 1681m(h)'s newly-adopted disclosure requirements

concerning risk-based credit underwriting.

The Court agrees with each of its colleagues in this District who have considered the

issue; FACTA did indeed eliminate private rights of action under § 1681m.  *Hernandez v.*

*Citifinancial Servs.*, No. 05 C 2263, 2005 WL 3430858, *2 (N.D. Ill. Dec. 9, 2005) (Filip, J.);

*McCane v. America's Credit Jewelers, Inc.*, No. 05 C 5089, 2005 U.S. Dist. LEXIS 30961, *10-

11 (N.D. Ill. Dec. 1, 2005) (Conlon, J.);  *Murray v. Cingular Wireless II, LLC*, No. 05 C 1334,

slip op. at 2 (N.D. Ill. Nov. 2, 2005) (Manning, J.);  *Pietras v. Curfin Oldsmobile, Inc.*, No. 05 C

4624, 2005 WL 2897386, *3 (N.D. Ill. Nov. 1, 2005) (Conlon, J.); *Murray v. Household Bank*, 386 F. Supp. 2d 993, 999 (N.D. Ill. 2005) (Gettleman, J.); *Murray v. Cross Country Bank*, No. 05 C 1252, 2005 U.S. Dist. LEXIS, *2 (N.D. Ill. Aug. 15, 2005) (Zagel, J.). There is nothing ambiguous about § 1681m(h)(8), whether it is considered standing alone or in context; it says that sections 1681n and 1681o do not apply to violations of "this section," an unambiguous reference to §1681m in its entirety, not merely a subsection like § 1681m(h). "Congress ordinarily adheres to a hierarchical scheme in subdividing statutory sections," and it uses the term "section" to refer to self-sufficient units of statutes, not to subparts. *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004).

As Tremble points out, a word that is clear by itself – including "section" – may sometimes be rendered ambiguous by its context. *See Graham County Soil & Water Conservation Dist. v. United States*, 125 S.Ct. 2444, 2448-53 (2005). But unlike in *Graham County,* reading the term "section" at the end of § 1681m(h) in a way consistent with its ordinary meaning does not render the statutory provision in the least bit unclear. In addition, reading the provision in the way urged by Tremble would require the Court to find that Congress used the word "section" in two different ways in the very same sentence – § 1681m(h)(8), after all, refers to both § 1681n and § 1681o as "sections." We see no basis to attribute that sort of incongruity to Congress. *See Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995) (applying "normal rule of statutory construction" that "[i]dentical words used in different parts of the same act are intended to have the same meaning.")

The Court concedes that there is no legislative history clearly supporting T&C's interpretation of § 1681m(h)(8) and acknowledges Tremble's argument that one ordinarily would

expect some support in the legislative record for a change so significant as the elimination of established private rights of action. *See Koons Buick,* 153 U.S. at 63. But the Supreme Court has admonished lower courts to resort to extrinsic evidence of legislative intent only if the statutory language itself is unclear. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.,* __ U.S. __ ,125 S.Ct. 2611, 2626 (2005); *Robinson*, 519 U.S. at 340; *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). As the Court has determined, § 1681m(h)(8) is clear both standing alone and in context. It is conceivable, as Tremble argues, that Congress's use of "section" in this provision was a scrivener's error, but when a statute contains a drafting error, "it is up to Congress rather than the courts to fix it." *Exxon Mobil,* 125 S.Ct. at 2624. There is an exception to this rule when the plain meaning of a statute would produce an absurd or bizarre result, *see, e.g., United States v. Turcotte,* 405 F.3d 515, 522-23 (7th Cir. 2005), but although the result of a plain reading of § 1681m(h)(8) is undesirable to Tremble and other potential plaintiffs, it cannot be called either absurd or bizarre.

For these reasons, the Court concludes that Tremble cannot bring a claim for T&C's alleged violation of § 1681m.

## 2. T&C's motion for summary judgment

A defendant is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). T&C bears the burden of proving that it is entitled to judgment as a matter of law, but Tremble must nonetheless produce enough evidence for a reasonable jury to find in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

T&C argues that proof of actual damages is a prerequisite to recovery of statutory

damages under § 1681n(a)(1)(A) and that it is entitled to summary judgment because Tremble

has offered no evidence of actual damages. Tremble argues that § 1681n(a)(1)(A) allows

recovery of statutory damages as an alternative when pecuniary harm or emotional distress

cannot be proven.

The plain language of the statute supports Tremble's reading. Section 1681n(a)(1)(A)

unambiguously allows recovery of any actual damages sustained *or* damages of not less than

$100 or more than $1000. The provision is worded in the disjunctive; "or" means or.

In support of its argument that the statute does not mean what it plainly says, T&C relies

on its interpretation of several recent Seventh Circuit decisions that, it says, require proof of

actual damages in order to recover statutory damages. T&C has read way too much into these

cases; they do not stand for the proposition argued by T&C.

Each of the cases cited by T&C involved an alleged failure to investigate an error on the

plaintiff's credit report – a different claim than the one made by Tremble in this case. In *Wantz*

*v. Experian Info Solutions,* 386 F.3d 829 (7th Cir. 2004), the court concluded that the plaintiff

had failed to show "actual damages" from Experian's alleged violation because he had no

evidence that credit had been denied due to the erroneous report and his evidence of emotional

distress was legally insufficient. *Id.* at 833-34. The court then considered the plaintiff's request

for "statutory damages," which the court construed as a request for punitive damages. *Id.* at 834.

It held that the plaintiff had failed to show a violation of FCRA's reinvestigation requirement, let

alone a willful violation as required to recover punitive damages. *Id.* at 835. In short, *Wantz*

does not address the issue involved in the present case.

6

*Sarver v. Experian Info. Solutions,* 390 F.3d 969 (7th Cir. 2004), involved claims of a credit reporting agency's inclusion of inaccurate information in a credit report and failure to reinvestigate after the error was called to its attention. On the former claim, the court concluded that the plaintiff had failed to show a violation of FCRA's requirement that a credit reporting agency use reasonable procedures to assure accuracy, and thus it did not consider the question of damages. *Id.* at 971-72. On the failure to reinvestigate claim, the court first upheld the district court's conclusion that the plaintiff had provided no evidence of "actual damages" within the meaning of § 1681n(a)(1)(A); it concluded that he had no evidence of denial or loss of credit due to the violation, and no evidence of actual damages. *Id.* at 971. The court next considered the plaintiff's request for what it termed "statutory damages," and stated the following: "Finally, to obtain statutory damages under FCRA § 1681n(a), Sarver must show that Experian willfully violated the Act. There is similarly no evidence of willfulness." *Id.* Again, *Sarver* has no bearing on the issue in this case; the Court did not say or suggest that statutory damages under § 1681n(a)(1)(A) are anything other than an alternative to "actual damages."

The last case cited by T&C is *Ruffin-Thompkins v. Experian Info. Solutions, Inc.,* 422 F.3d 603 (7th Cir. 2005). In that case, the plaintiff claimed Experian had failed to conduct a reasonable reinvestigation. The court concluded that plaintiff had failed to show "actual damages" because there was no evidence she had suffered any pecuniary loss or denial of credit due to the inaccuracy in her credit report, *id.* at 608, 609, and her evidence regarding emotional distress was insufficient to entitle her to an award on that basis. *Id.* at 609-10. This conclusion, the court said, left it with plaintiff's "argument that she is entitled to 'statutory and punitive damages'" due to Experian's allegedly willful violation of FCRA. *Id.* at 610. On this point, the

7

court stated:

> "To act willfully, a defendant must knowingly and intentionally violated [the FCRA], and it must also be conscious that [its] act impinges on the rights of others." *Wantz,* 386 F.3d at 834 (quotation omitted). The district court correctly found that "[b]ecause Ruffin-Thompkins's claim under the FCRA cannot survive, it follows, *a fortiori,* that the Court must deny her claim for punitive or statutory damages."

*Id.*

These cases do not establish a rule that § 1681n(a)(1)(A) requires proof of actual damages in order to recover statutory damages. First, none of the cases say that or anything approaching it; rather, they seem to have treated the plaintiffs' requests for "statutory damages" as limited to a request for punitive damages – which is not the case here. Second, to the extent the Seventh Circuit's decisions discuss the availability of what they refer to as "statutory damages," they decided the issue on the basis of the lack of evidence of willfulness or of any statutory violation at all, not because the plaintiffs had to show actual loss in order to obtain statutory damages. Finally, none of the cases suggest that § 1681n(a)(1) means anything other than what it says – in other words, that "or" does not mean or. The Court agrees with its colleague Judge Ruben Castillo, who recently (in the context of a motion for class certification) concluded that under § 1681n(a), "[s]tatutory damages are an alternative remedy to actual damages," and that "[c]onsequently, a plaintiff does not have to prove actual injury or harm in order to get statutory damages." *Murray v. New Cingular Wireless Svcs.,* ___ F.R.D. ___, No. 04 C 7666, 2005 WL 31151813 (N.D. Ill. Nov. 17, 2005) (page references not yet available). To put it another way, Tremble is not required to prove recoverable actual damages in order to show a violation of § 1681b or to obtain statutory damages under § 1681n(a)(1)(A).

**Conclusion**

8

For the reasons stated above, the Court grants defendant's motion for partial judgment on the pleadings [docket # 23-1] and therefore enters judgment in defendant's favor on plaintiff's claim under 15 U.S.C. § 1681m, but denies defendant's motion for summary judgment [docket # 31-1] as to plaintiff's remaining claims. The case is set for a status hearing on January 19, 2006 at 9:30 a.m. for the purpose of setting a new schedule on plaintiff's motion for class certification and to deal with plaintiff's motion to compel discovery.

/s/ Matthew F. Kennelly<br>
MATTHEW F. KENNELLY<br>
United States District Judge

Date: January 18, 2006